UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT DELL McGILBERRY,

        Petitioner,

vs.

JOHN MARSHALL, Warden,

        Respondent.

No. C 06-1427 PJH (PR)

**ORDER FOR SUPPLEMENTAL BRIEFING**

This is a habeas case filed by a state prisoner. Petitioner asserts that at sentencing the trial court imposed the upper term on the offense itself, then doubled that term for a previous strike, then added five years for five prior prison terms. He asserts that this violated his due process rights and his Sixth Amendment right to trial by jury as set out in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

Respondent has filed an answer and petitioner has responded. The case thus would be ready for decision, were it not for a recent decision of the United States Supreme Court which may bear on petitioner's claim. In *Cunningham v. California*, 127 S. Ct. 856 (2007), the Court held that its decisions from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to *United States v. Booker*, 543 U.S. 220 (2005), point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum, and that California's determinate sentencing law therefore violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. *Id.* at 871.

*Blakely* was decided on June 24, 2004. Because petitioner's conviction did not become final on appeal until 2005, Blakely applies here. *Cunningham* was decided on

January 22, 2007. Because it was decided after petitioner's conviction became final, it may or may not apply here depending on whether it is barred by *Teague v. Lane*, 489 U.S. 288, 310-316 (1989) (federal court may not grant habeas corpus relief to prisoner based on constitutional rule of criminal procedure announced after conviction and sentence became final unless rule fits within one of two narrow exceptions).

     It would assist the court to have supplemental briefing on several points: (1) whether *Cunningham* is a "new rule" that cannot be applied retroactively on collateral review under *Teague*; (2) how *Cunningham* affects the outcome here if it applies; and (3) what the proper harmless error analysis is for this fact pattern.

     Respondent shall file a supplemental brief addressing the above questions within thirty days of the date this order is entered. Petitioner may file a responsive brief, if he wishes, within thirty days of the date respondent's brief is served upon him. The court will then consider the merits of the case.

**IT IS SO ORDERED.**

Dated: October 1, 2007.

                                               PHYLLIS J. HAMILTON
                                               United States District Judge

G:\PRO-SE\PJH\HC.06\mcgilberry1427.supp.wpd