UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT DELL McGILBERRY,

    Petitioner,

vs.

JOHN MARSHALL, Warden,

    Respondent.

No. C 06-1427 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's three cognizable claims for relief. Respondent filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner thereafter filed a traverse. Pursuant to an order for supplemental briefing in light of *Cunningham v. California*, 127 S. Ct. 856 (2007), respondent filed a supplemental answer and petitioner filed a supplemental traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

    On December 5, 2003, a jury found petitioner guilty of grand theft in Alameda County Superior Court. In a bifurcated proceeding, the trial court found that petitioner had a prior "strike" conviction under California's "Three Strikes" law, and that he had served five prior prison terms. On January 20, 2004, the trial court sentenced petitioner to a term of eleven years in state prison. The sentence consisted of the upper term of three years on the grand theft conviction, doubled to six years based on the prior "strike" conviction, plus

1  five one-year terms for each of the five prior prison terms. Petitioner unsuccessfully
2  appealed his conviction to the California Court of Appeal and the Supreme Court of
3  California denied review. Petitioner has also filed several unsuccessful state habeas
4  petitions.

5  The following factual background is from the probation report and is undisputed by
6  the parties:[1]

> According to the Union City Police Department Report #030315022, on 3-15-03 officers responded to 17909 Decoto Road at the Safeway Store regarding defendant who was in custody for petty theft. Upon arrival the officer spoke with the reporting person, security guard Medlin. Mr. Medlin stated that he was outside of the store looking inside when he observed the defendant pushing a cart full of groceries. He stated that the defendant looked as if he was watching for the clerks and "timing" them so he could walk past them. He states that he saw the defendant push the cart past the checkout line and walk outside of the door. He states that the defendant made no attempt to pay for the items. The security officer states that he detained the defendant outside and escorted him back inside of the store. All of the items were recovered and totaled $473.18.

(Clerk's Transcript ("CT") at 132.)

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the

---

[1] A more detailed account is not necessary because the instant petition only challenges petitioner's sentence, not his conviction.

first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner asserts by imposing the upper term on the offense, and then doubling that term for a previous strike, the trial court violated his Sixth Amendment right to trial by jury as set out in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). The trial court based its imposition of the upper term upon finding numerous aggravating factors under California Rule of Court 421. The trial court found that the crime reflected "some planning and intent," that he could be considered a career criminal because he had at least eight prior felony convictions over the past 25 years, that he had suffered six previous prison terms, that he

had poor performance on parole and probation, and that he had not expressed remorse. (CT at 122-23. citing Cal. Rules of Court §§ 4.421(a)(8), (b)(1) -(3), (b)(5) & (b)(7).) The trial court doubled the upper term sentence based upon its finding that petitioner had suffered a prior "strike" conviction. (*Id.* at 125-26.) He claims that this sentence violates his Sixth and Fourteenth Amendment rights to a jury because the aggravating circumstances were found by the trial judge and not the jury.

### 1.     Retroactive Application of *Cunningham*

Petitioner's claim is based on the United States Supreme Court decision in *Cunningham v. California*, 127 S. Ct. 856 (2007), which held that California's determinate sentencing law violated the Sixth and Fourteenth Amendment right to a jury trial because "circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt[.]" *Id.* at 868. In *Cunningham*, the Court's decision was based upon its prior decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (1999), and *United States v.Booker*, 543 U.S. 220 (2005). *See Cunningham*, 127 S.Ct. at 871.

Respondent argues that *Cunningham* had not been decided until 2007, after petitioner's sentence became final in 2005, and does not apply retroactively to his case. Respondent's argument has since been rejected by the Ninth Circuit, however. In *Butler v. Curry,* the Ninth Circuit held that *Cunningham* "did not announce a new rule of constitutional law and may be applied retroactively on collateral review." 528 F.3d 624, 639 (9th Cir. 2008).[2] The court determined that the Supreme Court's decisions in "*Apprendi*, *Blakely*, and *Booker*, firmly established that a sentencing scheme in which the maximum possible sentence is set based on facts found by a judge is not consistent with the *Sixth Amendment*." *Id.* at 635. As *Cunningham* is not a new constitutional rule, its mandate that

---

[2]Butler was sentenced to the upper term of the range based on two aggravating factors found by the trial judge; that his victim was in a vulnerable position and that Butler was on probation when the crime was committed. *Id.* at 631; *see* Cal. Rules of Court §§ 4.421(a)(3), (b)(4)). A month after Butler filed a petition for writ of habeas corpus in federal district court, the United States Supreme Court decided *Cunningham*.

4

upper term sentences may only be imposed when juries, not judges, find circumstances in aggravation beyond a reasonable doubt is applicable to petitioner's sentence despite the fact that *Cunningham* was decided after petitioner's sentence became final on direct review.

### 2. Constitutional Violation

In *Apprendi*, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 466. In *Blakely*, the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. This meant that the "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 127 S. Ct. at 868. In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*, 530 U.S. at 490).

There is no constitutional error in this case because of the prior conviction exception to the general rule in *Apprendi*, providing that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt. *Butler*, 538 F.3d at 643 (citing *Apprendi*, 530, U.S at 490 and *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998)). "[O]ur reexamination of our cases in this area, and of the history upon which they rely confirms" that the right to a jury applies to all sentencing factors, "[o]ther than the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. The Ninth Circuit has recognized that "the Supreme Court has not overruled the *Almendarez-Torres* exception for prior convictions" and therefore the "obligation to apply the *Almendarez-Torres* exception

[remains] unless and until it is rejected by the Supreme Court." *Butler*, 528 F.3d at 643-44.

Here, petitioner was sentenced to the upper term of three years based on several aggravating factors – one of which is that he had numerous prior convictions. When sentencing, the trial court cited "at least eight prior felony convictions over the past 25 years." (CT at 123.) The doubling of petitioner's upper term sentence under the Three Strikes law also was based on the fact that petitioner had a prior conviction. (*Id.* at 125.) Petitioner's prior convictions clearly fall into the "prior conviction" exception from *Almendarez-Torres* and *Apprendi*. As such, petitioner was not entitled to a jury determination of that aggravating circumstance. Therefore, consistent with the Sixth Amendments, petitioner's prior convictions could be considered by the trial court in imposing the upper term sentence and doubling it without a jury determination beyond a reasonable doubt.

The fact that the trial court also found additional aggravating circumstances – such as petitioner's advance planning, lack of remorse, and his prior prison terms – does not alter this conclusion. "[U]nder California law, only one aggravating factor is necessary to set the upper term as the maximum sentence." *Butler*, 528 F.3d at 641. "[I]f at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution." *Id.* at 643. Therefore, as it was within the trial court's discretion to sentence petitioner to the upper term and then double it based solely upon his prior convictions, petitioner's sentence is constitutional irrespective of "[a]ny additional factfinding" with respect to additional aggravating circumstances. *Id.* The trial court could, consistent with the Sixth Amendment, rely on petitioner's prior convictions to increase the sentence without a jury determination beyond a reasonable doubt. Because the trial court relied upon at least one factor "established in a manner consistent with the Sixth

Amendment," the sentence petitioner received did not violate his Sixth Amendment rights.[3]

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\MCGILBERRY427.RUL.wpd

---

[3] As there was no error, the court need not reach respondent's additional argument that any error was harmless.